KATHERINE LOGANS V. THE STATE.

No. 15404.  Delivered June 8, 1932.
State's Rehearing Denied June 24, 1932.
Reported in 51 S. W. (2d) 392.

The opinion states the case.

*Stephen P. Hebert,* of Cuero, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, and *Howard P. Green,* District Attorney, of Cuero, for the State.

MORROW, PRESIDING JUDGE.—Murder is the offense; penalty assessed at confinement in the penitentiary for five years.

The appellant and the deceased, Rosie Lee Boston, were both colored women. The deceased was killed at a negro gathering.

The state's evidence supports the conviction of murder. The defendant's testimony presents a case of justification of self-defense.

The indictment was filed January 8, 1932. At that time the appel- of January. She was without counsel. On the 21st day of January she was notified to come to Cuero. She arrived at Cuero on the 18th of January. She was without counsel. On the 21st day of January, counsel was appointed by the court to represent the appellant. After conferring with the appellant her counsel, on the 22nd day of January, caused subpoenas to be issued for a number of witnesses. The court set the trial for the 26th day of January. The witnesses sought were not present. A motion for a continuance was made and overruled. The

action of the court in refusing to continue the case is made the subject of a bill of exception.

The application is formal in all respects. It sets out the testimony of the absent witness in detail, which evidence is manifestly material upon the issue of self-defense. The presence of the witnesses at the time of the altercation is vouched for by the testimony adduced upon behalf of the state. The witnesses named were Jim Herrand, Willie Hunter, R. T. Baker, Georgia Baker, Alice Robertson and Frank Robertson. Subpoenas were promptly mailed to officers in the counties in which the witnesses lived, namely, Colorado, El Paso, Dallas and Tarrant counties. Return of the subpoenas had not been made at the time the case was called for trial. There was a letter, however, from the sheriff of Dallas county, asking for additional information touching the locality of one of the witnesses. Immediate response was given by wire.

In qualifying the bill, the court takes note of the fact that the appellant did not appear promptly when notified to do so. She did appear ten days after the indictment was returned. In the application, it is shown by her affidavit and by the certificate of a doctor that her failure to return to Cuero at an earlier date was due to her inability to do so because of sickness. It is thought that under all the circumstances the court was not warranted in denying the continuance on the ground of lack of diligence. The claim in the application for a continuance that the failure of the appellant to return promptly to Cuero was due to sickness and her inability to travel was not controverted; nor is the fact that she came as soon as she was able to do so combatted. Finding that she was unable to employ counsel, the court directed an attorney to represent her, who promptly caused the issuance of the process mentioned. The diligence of counsel after his appointment is not questioned. The materiality of the testimony of the absent witnesses is not open to question, and it is believed that under the evidence before this court, coming from the state and the appellant through the motion for a continuance, the bill of exception and the state's controverting affidavit, the continuance should have been granted. The failure to do so requires a reversal of the judgment, which is accordingly ordered.

*Judgment reversed.*

### ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.—In the light of the state's motion for rehearing, we have again carefully examined the record. We are unable to reach the conclusion that the trial court was warranted in overruling appellant's application for continuance.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.